UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
VEEDEL D. WENTWORTH,

                      Plaintiff,          **MEMORANDUM & ORDER**

    - against -                          21-CV-3911 (WFK) (ARL)

RICHARD D. FEMANO, RYAN D.
MITOLA, SPECIALIZED LOAN
SERVICING LLC, and JUDGE GUGERTY

                      Defendants.
------------------------------------------------------------ X
**WILLAM F. KUNTZ, II, United States District Judge:**

      Plaintiff Veedel D. Wentworth, proceeding *pro se,* filed the above-captioned civil action on July 12, 2021. ECF No. 1. Defendants' motions to dismiss are pending before the Court. ECF Nos. 35-40, 46.[1] On December 13, 2021, Plaintiff requested leave to file an Amended Complaint adding Deutsche Bank National Trust Company as a Defendant. ECF No. 31. Defendants Richard D. Femano, Ryan D. Mitola, and Specialized Loan Servicing LLC requested that the motion for leave to amend be held in abeyance pending a decision on the motions to dismiss. ECF Nos. 32, 33. On March 25, 2022, the Court received, via the overnight drop box, Plaintiff's Application for Temporary Restraining Order, Request for Stay, and Motion for Preliminary Injunctive Relief. ECF No. 50. For the reasons that follow, the request for Temporary Restraining Order, Stay, and Preliminary Injunction is denied.

      Plaintiff's Request for immediate injunctive relief summarizes the mortgage loan and foreclosure action that is currently pending in the Supreme Court of the State of New York, Nassau County under Index No. 08-004905 and that is the subject of the instant civil action in

---

[1] The Motions from Defendants Richard D. Femano and Ryan D. Mitola and Specialized Loan Servicing LLC are fully briefed. ECF Nos. 35-40. Defendant Judge Gugerty has served a Motion to Dismiss on the Plaintiff. ECF No. 46.

this Court. ECF No. 50 ¶¶ 3-13. The foreclosure action culminated in a judgment of foreclosure and sale entered on September 16, 2019. *Id.* ¶ 13. Plaintiff states the Nassau County Court granted Deutsche Bank National Trust Company's request to file a Notice of Sale and scheduled the Foreclosure Auction for June 22, 2022. *Id.* ¶ 23. Plaintiff now asks this Court to issue a stay against the State Court's order and enjoin further proceedings in the State Court action. *Id.* ¶ 24.

Counsel for Defendants Mitola and Specialized Loan Servicing LLC filed a Response in Opposition to the Motion. ECF No. 51.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *New York Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Court "balance[s] the equities" by "exploring the relative harms to applicant and respondent, as well as the interests of the public at large." *Hartford Courant Co., LLC v. Carroll*, 986 F.3d 211, 224 (2d Cir. 2021) (quoting *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017) (Thomas, J., concurring)). The Second Circuit defines irreparable harm as "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (citation omitted).

Plaintiff's Application for a Temporary Restraining Order, Stay, and Preliminary Injunction does not meet this standard. Plaintiff has neither made a showing of irreparable harm nor demonstrated a likelihood of success on the merits. He has not established that a Foreclosure Sale scheduled for June 2022 presents a risk of imminent injury. Nor has he shown that he is likely to succeed on the merits, where he asks the federal Court to overturn a Judgment of

Foreclosure that has already been issued in state court. *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005) (federal district courts lack subject matter jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

Accordingly, Plaintiff's request for emergency injunctive relief is denied.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
March 28, 2022