UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                      :
VEEDEL D. WENTWORTH,                                  :
                                                      :
                    Plaintiff,                        :
                                                      :       **MEMORANDUM & ORDER**
        v.                                            :       2:21-CV-3911 (WFK) (AYS)
                                                      :
RICHARD D. FEMANO, *et al.*,                          :
                                                      :
                    Defendants.                       :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 12, 2021, Plaintiff Veedel D. Wentworth ("Plaintiff"), proceeding *pro se*, filed a Complaint against Defendants Richard Femano, Ryan Mitola, and Specialized Loan Servicing LLC ("SLS") in connection with a New York State foreclosure action. *See* Complaint, ECF No. 1. On August 9, 2021, Plaintiff filed an Amended Complaint, adding as a defendant the Honorable David J. Gugerty, the state court justice who ruled against Plaintiff's collateral attack on the judgment of foreclosure and sale. Before the Court are the motions to dismiss of Defendants Femano, Miola, SLS, and Gugerty. ECF Nos. 35, 38, and 53. For the following reasons, the Court GRANTS the motions.

## BACKGROUND

Plaintiff executed a note dated June 1, 2004 in the amount of $236,000.00 (the "Note").

*See* Mitola Mot., Ex. A, ECF No. 35. As security for payment of the Note, Plaintiff granted a

mortgage on the premises located at 34 Avenue A, Inwood, NY 11096. The mortgage was

recorded March 30, 2005. *See Id.*, Ex. B. An action to foreclose the Mortgage was commenced

in the Supreme Court of the State of New York, County of Nassau, on March 14, 2008, index

number 08-004905. *Id.*, Ex. C. The foreclosure action culminated in a judgment of foreclosure

and sale entered on September 16, 2019. *Id.* Ex., E.

On August 26, 2020, Plaintiff commenced an action in the Supreme Court of the State of

New York, County of Nassau, Index No. 000459-20, seeking to vacate the judgement of

foreclosure. By Decision and Order entered April 1, 2021, the Nassau County Supreme Court

(Voutsinas, J.) dismissed the action because it "fail[ed] to fit within any cognizable legal theory against [the] defendants" and because of "res judicata, pursuant to CPLR [Rule]3211[a][5], based upon the Judgment of Foreclosure rendered in the Foreclosure Action, as well as pursuant to CPLR [Rule]3211[a][8] on the grounds that defendants have never been served with a summons and complaint." *See* Gugerty Mem. at 12, ECF No. 53-9.

At a hearing before the Supreme Court on June 28, 2021, Justice Gugerty dismissed the action on the grounds that the action is barred by res judicata following the foreclosure action. *Id.* Justice Gugerty also barred Mr. Wentworth from filing any new motions or applications without leave of the court. *Id.*

On July 12, 2021, Plaintiff filed a Complaint against Defendants Richard Femano, Ryan Mitola, and SLS in this Court. *See* Compl. The Complaint asserts claims pursuant to 42 U.S.C. § 1983 for alleged deprivation of rights secured by the Constitution and federal laws. Specifically, Plaintiff alleges Defendant Femano initiated the underlying foreclosure action without standing, and the other defendants lacked jurisdiction to dismiss Plaintiff's jurisdictional challenges. Plaintiff alleges various injuries, including anxiety attacks and vertigo, and seeks $20.5 million in damages and attorneys' fees.

On August 9, 2021, Plaintiff filed an Amended Complaint, adding Justice Gugerty as a defendant and incorporating additional claims pursuant to the Administrative Procedures Act, the Fair Debt Collections Practices Act, and the Foreign Agent Registration Act. The Amended Complaint alleges Defendants used false, deceptive, or misleading practices while collecting a debt, failed to register as foreign agents, and altered the original loan agreement. Am. Compl. at 3,7-9. In a letter dated September 8, 2021, Plaintiff also raised a jurisdictional challenge, claiming the initial foreclosure action should have been filed in federal court. ECF No. 17.

On December 13, 2021, Plaintiff requested leave to file a Second Amended Complaint adding Deutsche Bank National Trust Company as a Defendant. Mot. to Amend, ECF No. 31. The proposed Second Amended Complaint also contains allegations of racketeering and obstruction of justice, and raises various causes of action based on the claim that the Note is void because it was not properly verified. *Id.* at 5. Defendants Richard D. Femano, Ryan D. Mitola and SLS requested the motion to amend be held in abeyance pending a decision on the motions to dismiss. ECF Nos. 32, 33. Plaintiff states that the Nassau County Court granted Deutsche Bank National Trust Company's Request to file a Notice of Sale and scheduled the foreclosure auction for June 22, 2022. Pl. Decl. ¶ 23, ECF No. 50.

On January 18, 2022, Defendants Mitola and SLS filed a motion to dismiss for failure to state a claim. Mitola Mot., ECF No. 35. Defendants Femano and Gugerty filed their motion to dismiss on January 21 and March 30, 2022, respectively. Femano Mot., ECF No. 38; Gugerty Mot., ECF No. 53.

## LEGAL STANDARD

A "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do

. . . . Factual allegations must be enough to raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations

omitted).

## **DISCUSSION**

### I.  *Application of the Rooker-Feldman Doctrine*

Plaintiff's jurisdictional, constitutional, and federal law challenges to the state court

foreclosure action must be dismissed pursuant to the *Rooker-Feldman* doctrine.  This Court

cannot interfere in any foreclosure action where a judgment of foreclosure has already been

entered.  Indeed, federal intervention in state court matters would disrupt the federal-state

balance required by the *Rooker-Feldman* doctrine.  This principle, growing out of *Rooker v.*

*Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*,

460 U.S. 462 (1983), holds that federal district courts lack subject-matter jurisdiction to hear

cases "brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284

(2005).

In *Hoblock v. Albany Cnty Bd. of Elections*, the Second Circuit clarified the four

requirements for application of the *Rooker-Feldman* doctrine: (1) "the federal-court plaintiff

must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court

judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4)

"the state-court judgment must have been rendered before the district court proceedings

commenced."  422 F.3d 77, 83 (2d Cir. 2005) (internal quotations omitted).

4

Each of these conditions is met in this case. First, Plaintiff, a defendant in the foreclosure action, lost in state court when the judgment of foreclosure was entered. Second, Plaintiff's injuries—the loss of legal rights in the property and alleged associated medical conditions—were caused by the state-court judgment. Third, Plaintiff has requested that this Court review the foreclosure action and overturn the judgment. Fourth, the judgment was entered on September 16, 2019, well before plaintiff filed the instant action in federal court. For these reasons, *Rooker-Feldman* applies, and this Court lacks jurisdiction to overturn the state court judgment of foreclosure.

To the extent Plaintiff's claims extend beyond the foreclosure action—specifically, his claims arising under the Foreign Agents Registration Act and Racketeer Influenced and Corrupt Organizations Act—Plaintiff has failed to state a claim to relief that is plausible on its face. The Complaint lacks any specific allegation sufficient to establish the applicability of those statutes to any of the Defendants.

Because the Court lacks subject matter jurisdiction under *Rooker-Feldman* to adjudicate these claims, the Court need not reach Defendants' arguments regarding the Eleventh Amendment, the sufficiency of the claims, the effect of res judicata and collateral estoppel, and the application of the *Colorado River* and *Younger* abstention doctrines.

## II.    *Judicial Immunity*

Plaintiff's claims against Justice Gugerty are also barred by the doctrine of judicial immunity, under which judges are not liable for the exercise of judicial acts. *Palmieri v. Lifson*, No. CV 05-4454, 2006 WL 8436042, at *3 (E.D.N.Y. June 29, 2006) (Wexler, J.) (citing cases). The doctrine of judicial immunity "is not overcome by allegations of bad faith or malice," nor

can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Best v. DiTech Holding Corp.*, 407 F. Supp. 3d 210, 212 (E.D.N.Y. 2019) (DeArcy Hall, J.) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). Instead, this immunity may only be overcome if the judge's actions were "nonjudicial" or taken "in the complete absence of all jurisdiction." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 483 (E.D.N.Y. 2015) (Bianco, J.), *aff'd*, 639 F. App'x 38 (2d Cir. 2016) (summary order) (quoting *Mireles*, 502 U.S. at 11-12).

Plaintiff alleges "Judge Gugerty stepped outside of the Constitution and Federal law when he ruled without jurisdiction." Am. Compl. at 5. However, the doctrine of judicial immunity applies because Justice Gugerty's actions were judicial and were taken pursuant to a valid exercise of subject matter jurisdiction. First, Plaintiff's claims arise from the dismissal of his challenge to the jurisdiction of the Supreme Court of the State of New York, County of Nassau, over the foreclosure action at issue, and the property that is the subject of the foreclosure action is located in Nassau County. Accordingly, the Supreme Court of the State of New York, County of Nassau, and Justice Gugerty had jurisdiction over the action, and the County of Nassau was the proper venue. *See* New York State Const., art. VI § 7; *Deutsche Bank Tr. Co. Americas v. Shields*, 116 A.D.3d 653, 654, 983 N.Y.S.2d 286, 287 (2014) (noting the New York Supreme Court's "jurisdiction to enter the judgment of foreclosure and sale"); NY CPLR § 507. Second, in ruling on the underlying foreclosure action, Justice Gugerty performed a judicial function—the kind "normally performed by a judge" and in keeping with "the expectations of the parties." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see, e.g., Trapp v. State*, No. 3:20-CV-10404 (BRM) (ZNQ), 2021 WL 2680244, at *6 (D.N.J. June 30, 2021) (finding state judge actions in foreclosure proceedings to be "judicial functions"); *Wellman v. PNC Bank*, 508 F.

6

App'x 440, 443 (6th Cir. 2012) (affirming application of judicial immunity doctrine based on judicial acts taken in state court foreclosure action). Thus, even liberally construed, Plaintiff alleges no acts performed by Justice Gugerty that fall outside the scope of absolute judicial immunity. Accordingly, Plaintiff's claims against Justice Gugerty are barred by judicial immunity and are dismissed with prejudice.

III.     *Plaintiff's Motion to Amend the Complaint to Add Defendant Deutsche Bank National Trust*

In his request to amend the complaint, ECF No. 31, Plaintiff seeks to add "Deutsch[e] Bank National Trust" as a Defendant because of the company's role in the foreclosure. *See* Pl. Resp. at 4-5, ECF No. 23. However, *Rooker-Feldman* forecloses jurisdiction over the judgment of foreclosure. *See supra* § A. Because Deutsche Bank National Trust operated pursuant to this judgment, Plaintiff's claims against Deutsche Bank are likewise barred. Plaintiff's motions to amend at ECF Nos. 30, 31 are therefore denied as moot.

IV.     *Defendants' Request for a Filing Injunction*

Defendants Mitola and SLS also request a filing injunction against Plaintiff. Mitola Mot. at 15-17. "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process, and [t]he filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." *Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 52 (2d Cir. 2018) (summary order) (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (quotation marks omitted)). Courts "consider several factors in determining whether and to what extent a litigant should be prohibited from filing future actions: '(1) the litigant's history of litigation and in particular

whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in

pursuing the litigation," including whether the litigant has "an objective good faith expectation of

prevailing[ ]; (3) whether the litigant is represented by counsel; (4) whether the litigant has

caused needless expense to other parties or has posed an unnecessary burden on the courts and

their personnel; and (5) whether other sanctions would be adequate to protect the courts and

other parties.'" *Id.* (quoting *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Plaintiff's claims are not properly before this Court and are duplicative of those

adjudicated in state court.  However, the Court declines to issue a filing injunction at this time.

Instead, the Court warns Plaintiff that continued filing of meritless claims may result in a filing

injunction with respect to claims arising out of the same set of facts in federal court. *See Brown*

*v. Molia*, No. 16-CV-1654 (JMA) (SIL), 2017 WL 4350435, at *4 (E.D.N.Y. Mar. 9, 2017)

(Azrack, J.) (warning plaintiff of the possibility of a filing injunction if he commences further

legal action appealing a state court foreclosure); *Amityville Mobile Home Civic Ass'n v. Town of*

*Babylon*, No. 14-CV-2369 (SJF), 2015 WL 1412655, at *9 (E.D.N.Y. Mar. 26, 2015)

(Feuerstein, J.) (same).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss at

ECF Nos. 35, 38, and 53.  The Clerk of Court is respectfully directed to terminate the motions at

ECF Nos. 30, 31, 35, 38, and 53, to mail a copy of this Memorandum and Order to Plaintiff, and

to close this case.  Although plaintiff has paid the filing fee to initiate this action, the Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in

good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                              **SO ORDERED.**

                              s/ WFK

                              HON. WILLIAM F. KUNTZ, II
                              UNITED STATES DISTRICT JUDGE

Dated: December 9, 2022
       Brooklyn, New York